UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RONALD WILLIAMS,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>B. LAMMER,  )<br>)<br>Respondent.  ) | No. 2:19-cv-00380-JMS-DLP |

**Order Denying Amended Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Ronald Williams, a federal inmate at FCI–Terre Haute, petitions for a writ of habeas corpus challenging a deprivation of good conduct time related to Incident Report No. 3094699. For the reasons explained in this order, the amended petition is **denied**.

**A. Overview**

Federal inmates seeking to challenge the loss of good time credits in prison disciplinary proceedings on due process grounds may petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Smith v. Bezy*, 141 F. App'x 479, 481 (7th Cir. 2005). In a prison disciplinary proceeding, the due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On March 1, 2018, Intelligence Analyst Steven Cope prepared Incident Report No. 3094699, charging the petitioner with committing Prohibited Act Code 196—use of mail for an illegal purpose. Dkt. 10-3, p. 4. The Incident Report alleged that the petitioner attempted to mail several documents to Treasury Secretary Steven T. Mnuchin. *Id.* One of these documents was Internal Revenue Service (IRS) Form 56, Notice Concerning Fiduciary Relationship, purporting to appoint Secretary Mnuchin as the petitioner's fiduciary. *Id.* Intelligence Analyst Cope believed this document was part of a common tax scheme to defraud Secretary Mnuchin. *Id.*

On March 7, 2018, the petitioner was notified of this charge and informed of his rights. *Id.* at 10. He denied the charge and did not ask to call any witnesses. *Id.* at 11.

On March 15, 2018, this matter proceeded to a disciplinary hearing. The petitioner told the disciplinary hearing officer, "Yes, I named him my fiduciary. I did nothing wrong." *Id.* at 1. The disciplinary hearing officer considered the petitioner's statement, the Incident Report, and the tax form naming Secretary Mnuchin as the petitioner's fiduciary, and found him guilty. *Id.* The petitioner received a deprivation of 131 days of good conduct time. *Id.* at 4.

The petitioner claims that the disciplinary hearing officer promised him that if he "remain[ed] incident free within a year's time period and show[ed] clear conduct is realized," then he "could have ALL forfeited GCT restored." Dkt. 6, p. 4. This alleged promise is not documented in the petitioner's disciplinary records.

The petitioner exhausted his administrative remedies regarding this disciplinary proceeding. Dkt. 6-1. He then brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the Court's Order to Show Cause, dkt. 4, the petitioner filed an amended petition on September 17, 2019. Dkt. 6.

## C. Analysis

The petitioner does not challenge the sufficiency of the evidence supporting his disciplinary conviction or any aspect of the disciplinary proceeding. Instead, he alleges that his "due process rights were violated when Petitioner was deprived of Petitioner's restoration of Good Conduct Credits." Dkt. 6, p. 3.

The due process rights of prisoners facing disciplinary proceedings are set forth in *Wolff* and *Hill*. These limited procedural guarantees may not be expanded by lower courts. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). The Supreme Court has not established a due process right to the restoration of forfeited good conduct time following a period of good behavior. Furthermore, the Bureau of Prisons' Inmate Discipline Program prohibits the restoration of forfeited good conduct time. *See* Dkt. 10, pp. 4-5 (citing BOP Program Statement 5270.09, Inmate Discipline Program at 12 (July 8, 2011)).

Even if the disciplinary hearing officer promised the petitioner that his good conduct time would be restored after a year without a new incident report—a fact that is not supported by the petitioner's disciplinary records—this erroneous statement would not create a due process right to the restoration of the petitioner's forfeited good conduct time. Accordingly, the amended petition for a writ of habeas corpus is **denied**.

## D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles the petitioner to the relief he seeks.

Accordingly, the amended petition for a writ of habeas corpus must be **denied** and the action dismissed with prejudice.

In light of the foregoing, the petitioner's motion for summary judgment, dkt. [11], and Motion for Court to Take Judicial Notice dkt. [14] are **denied**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED**.

Date: 6/10/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RONALD WILLIAMS
05122055
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov